IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

      Plaintiff,                    No. CIV S-06-0537 FCD GGH P

      vs.

CORRECTIONAL OFFICER BAKER, et al.,

      Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $3.77 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1    It is unclear who plaintiff intends to name as defendants. Page 4 of the complaint
2 form identifies the defendants as E. Mitchell, E. Arnold, P. Milliner, R. Lotze, K. Allen, R.
3 Reyes and J. Foster. However, later in the complaint plaintiff identifies the defendants as
4 California Medical Facility (CMF), Governor Schwarzenegger, Woodford, Veal, Dovey and
5 Baker. Complaint, pp. 4-6.
6    Plaintiff alleges that he suffers from mental illness and has been classified as an
7 "EOP" inmate, i.e. Enhanced Outpatient inmate. Plaintiff raises claims pursuant to the
8 Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983.
9    Plaintiff is proceeding with another action in this court, CIV S-05-0876 LKK JFM
10 P, against the California Department of Corrections and Rehabilitation (CDCR). In 05-876
11 plaintiff alleges that he is an EOP inmate and raises claims pursuant to the ADA.
12    Plaintiff's ADA claims against defendants in the instant action appear duplicative
13 to those made against defendant CDCR in 05-876. Accordingly, the ADA claims against
14 defendants in the instant action are dismissed. Plaintiff should not include these claims in an
15 amended complaint.
16    Plaintiff's remaining civil rights claims brought pursuant to 42 U.S.C. § 1983 are
17 dismissed with leave to amend because it is not clear whom plaintiff intends to name as
18 defendants. If plaintiff files an amended complaint, he must clarify this matter.
19    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
21 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
22 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
23 there is some affirmative link or connection between a defendant's actions and the claimed
24 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
26 allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board

of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On March 30, 2006, and April 21, 2006, plaintiff filed motions for injunctive relief. Because plaintiff does not have a colorable complaint on file, these motions are vacated without prejudice to their refiling once plaintiff files a colorable complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.77. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's motions for injunctive relief filed March 30, 2006, and April 21, 2006, are vacated.

DATED: 8/9/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

wil537.b

4