IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

      Plaintiff,                    No. CIV S-06-0537 FCD GGH P

    vs.

CORRECTIONAL OFFICER BAKER, et al.,

      Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed September 14, 2006.

      The amended complaint raises the following legal claims: 1) violation of the Equal Protection clause; 2) retaliation; 3) violation of right to due process. Amended Complaint, ¶ 77.

      Plaintiff is a member of the Enhanced Outpatient Program (EOP). The EOP program is for inmates with mental health issues. Plaintiff alleges that EOP inmates are not given the same access to employment opportunities as porters as are other inmates in

/////

/////

1

1  violation of the Equal Protection Clause.  These allegations state colorable claims for relief
2  against defendants Tilton, Dovey and Veal.

3  　　　　Plaintiff next alleges that he was retaliated against for filing administrative
4  appeals and various other activities.  In order to state a retaliation claim, a plaintiff must plead
5  facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or
6  "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874
7  F.2d 1310, 1314 (9th Cir. 1989).  The plaintiff must also plead facts which suggest an absence of
8  legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing
9  Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v.
10 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are
11 insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act
12 itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical
13 retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of
14 the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1)
15 (10th Cir. 1990).

16 　　　　Plaintiff's retaliation allegations are vague and conclusory.  For example, plaintiff
17 alleges that he was moved from Unit M-2 to Unit L-3 in retaliation for filing an administrative
18 appeal.  Amended Complaint, ¶ 15.  However, plaintiff includes no specific facts to support his
19 claim that the transfer was retaliatory.  Plaintiff alleges no facts demonstrating that defendants'
20 decision was motivated by retaliation.  Plaintiff's other retaliation claims are similarly vague and
21 conclusory.  Accordingly, plaintiff's retaliation claims are dismissed with leave to amend.  If
22 plaintiff files a second amended complaint, he must include specific allegations in support of his
23 retaliation claims.
24 /////
25 /////
26 /////

1      Plaintiff next alleges that he was denied due process during Institutional
2 Classification Committee (ICC) hearings and a disciplinary proceedings.  It appears that the
3 disciplinary charges were ultimately dismissed.  The injury suffered by plaintiff in connection
4 with the ICC hearings and disciplinary proceedings was placement and retention in
5 administrative segregation.
6      Plaintiff has a liberty interest in state action which imposes some "atypical and
7 significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v.
8 Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995).  If the hardship is sufficiently significant, the
9 court must determine whether the procedures used to deprive that liberty satisfied Due Process.
10 Id. at 861, 115 S.Ct. 2293.
11     Three factors cited in Sandin's analysis provide a framework for determining
12 whether a prison hardship is atypical and significant: 1) whether the challenged conditions
13 mirrored those conditions imposed upon inmates in administrative segregation and protective
14 custody, and thus comported with the prison's discretionary authority; 2) the duration of the
15 condition and the degree of the restraint imposed; and 3) whether the state's action will
16 invariably affect the duration of the prisoner's sentence.  Id. at 486-87, 115 S.Ct. at 2293.
17     Pursuant to Sandin, plaintiff is not entitled to due process prior to his placement in
18 administrative segregation.  Were plaintiff to allege that the conditions of administrative
19 segregation were worse than provided for in the regulations, then he may be able to state a due
20 process claim.  Accordingly, plaintiff's due process claims are dismissed with leave to amend.
21     The court will grant plaintiff one final opportunity to amend his complaint.  If
22 plaintiff files a second amended complaint, he must include all claims against all defendants.
23 Plaintiff may not rely on exhibits to state his claims.  The second amended complaint may be no
24 longer than *15* pages.  Fed. R. Civ. P. 8(a) requires complaints to contain short and plain
25 statements of the claims.
26 /////

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's retaliation and due process claims contained in the amended complaint are dismissed with thirty days to file a second amended complaint; if plaintiff does not file a second amended complaint, the court will order service of the amended complaint as to plaintiff's Equal Protection claim.

DATED: 1/30/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

wil537.ame