1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10   DAVID WILSON,
11          Plaintiff,                         No. CIV S-06-0537 FCD GGH P
12      vs.
13   CORRECTIONAL OFFICER BAKER, et al.,
14          Defendants.              ORDER
15   _____/
16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to
17   42 U.S.C. § 1983. Plaintiff also raises claims pursuant to the Americans with Disabilities Act
18   (ADA). Pending before the court is plaintiff's second amended complaint filed March 2, 2007.
19          The second amended complaint raises the following legal claims: 1) retaliation; 2)
20   violation of right to due process at disciplinary and classification committee hearings; 2)
21   violation of the Equal Protection Clause; and 3) violation of the Eighth Amendment; and 4)
22   violation of the ADA. Second Amended Complaint, ¶ 53.
23          Plaintiff is a member of the Enhanced Outpatient Program (EOP). The EOP
24   program is for inmates with mental health issues. Plaintiff alleges that EOP inmates are not
25   given the same access to employment opportunities as porters as are other inmates in violation of
26   the Equal Protection Clause and the ADA. These allegations states a colorable claim for relief

1

against defendant Tilton, Kernan and Hubbard as to the Equal Protection Claim.

Plaintiff is proceeding with another action in this court, CIV S-05-0876 LKK JFM P, against the California Department of Corrections and Rehabilitation (CDCR). In 05-0876 plaintiff alleges that he is an EOP inmate and raises claims pursuant to the ADA. Plaintiff's ADA claim against defendants in the instant action are duplicative to those raised in 05-0876. Accordingly, these claims are dismissed. Plaintiff should not include these claims in a third amended complaint.

Plaintiff alleges that he was retaliated against for filing administrative appeals. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: 1) an assertion that a state actor took some adverse action against an inmate 2) because of 3) that prisoner's protected conduct, and that such action 4) chilled the inmate's exercise of his First Amendment rights, and 5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 566-68 (9th Cir. 2005).

In Rhodes, the Ninth Circuit also indicated that an allegation of harm could be sufficient if the inmate could not allege a chilling effect:

> If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect. Alleging harm and alleging the chilling effect would seem under the circumstances to be no more than a nicety. See, e.g., Pratt, 65 F.2d at 807 (deciding that alleged harm was enough to ground a First Amendment retaliation claim without independently discussing whether the harm had a chilling effect); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989(same).

Rhodes, 408 F.3d at 568, no. 11.

Plaintiff alleges that defendant Murray moved him from Unit M-2 to Unit L-3 in retaliation for filing an administrative appeal. Second Amended Complaint, ¶ 6. However, plaintiff includes no specific facts to support his claim that the transfer was retaliatory. Because this claim is vague and conclusory, it is dismissed with leave to amend.

Plaintiff alleges that on March 30, 2006, he received a CDC 128-G form signed by defendant Bautista. Second Amendment Complaint, ¶ 33. Plaintiff alleges that this form was

defendant Bautista's retaliatory attempt to have plaintiff transferred. Id. Plaintiff pleads no specific facts supporting his claim that Bautista was motivated by retaliation. In addition, it does not appear that plaintiff was ever transferred. There is no claim that plaintiff's receipt of the CDC 128-G form chilled plaintiff's exercise of his First Amendment rights. For these reasons, the court finds that the retaliation claim against defendant Bautista is not colorable. This claim is dismissed with leave to amend.

Plaintiff alleges that defendant Cullen continued to take him to the classification committee "in retaliation." Second Amended Compliant, ¶ 49. Plaintiff does not allege what defendant Cullen was retaliating against him for. Other than the conclusory allegation, plaintiff pleads no specific allegations in support of this claim. Accordingly, the court finds that the retaliation claim against defendant Cullen is not colorable. This claim is dismissed with leave to amend.

Plaintiff alleges that he was denied due process during disciplinary and classification committee hearings. It appears that the disciplinary charges were ultimately dismissed. The only injury suffered by plaintiff in connection with the classification committee hearings and disciplinary proceedings was placement and retention in administrative segregation.

Plaintiff has a liberty interest in state action which imposes some "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). If the hardship is sufficiently significant, the court must determine whether the procedures used to deprive that liberty satisfied Due Process. Id. at 861, 115 S.Ct. 2293.

Three factors cited in Sandin's analysis provide a framework for determining whether a prison hardship is atypical and significant: 1) whether the challenged conditions mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; 2) the duration of the condition and the degree of the restraint imposed; and 3) whether the state's action will

1  invariably affect the duration of the prisoner's sentence.  Id. at 486-87, 115 S.Ct. at 2293.

2  Pursuant to Sandin, plaintiff is not entitled to due process prior to his placement in administrative segregation.  In the January 31, 2007, order dismissing the amended complaint, the court stated that were plaintiff to allege that the conditions of administrative segregation were worse than provided for in the regulations, then he may be able to state a due process claim.  The second amended complaint contains no discussion regarding the conditions of administrative segregation.  Accordingly, plaintiff's claims that he was denied due process in connection with disciplinary and classification committee hearings are dismissed with leave to amend for failing to state a colorable claim for relief.

Plaintiff may also be claiming that defendants violated his due process rights by failing to properly process his administrative grievances.  There is no liberty interest in the processing of administrative appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see also Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).  Accordingly, this claim is dismissed.

The second amended complaint alleges an Eighth Amendment claim but contains no allegations to support such a claim.  Accordingly, plaintiff's Eighth Amendment claim is dismissed with leave to amend.

Accordingly, IT IS HEREBY ORDERED that all claims but for the Equal Protection claims against defendants Tilton, Kernan and Hubbard are dismissed; plaintiff is granted thirty days to file a third amended complaint; if plaintiff does not file a third amended complaint within that time, the court will issue further orders.

DATED: 6/20/07                                                  /s/ Gregory G. Hollows
                                                                              UNITED STATES MAGISTRATE JUDGE

wil537.ame(2)