IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

        Plaintiff,               No. CIV S-06-0537 FCD GGH P

    vs.

CORRECTIONAL OFFICER BAKER, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint filed July 12, 2007.

        The second amended complaint raises the following legal claims: 1) retaliation; 2) violation of right to due process at disciplinary and classification committee hearings; 3) violation of the Equal Protection Clause; and 4) Eighth Amendment violations. Plaintiff seeks declaratory, injunctive and monetary relief.

        In the second paragraph of the third amended complaint plaintiff lists the following defendants: Baker, Tilton, Kernan, Hubbard, Cullen, Mendoza, Arnold, Providence, Twyman, Foster, St. German, Cry, Piazza, Murray, Allen, Mitchell, Khoury, Pearson and Grannis. Plaintiff's statement of facts identifies additional defendants.

1

1    Plaintiff is a member of the Enhanced Outpatient Program (EOP). The EOP
2 program is for inmates with mental health issues. Plaintiff alleges that EOP inmates are not
3 given the same access to employment opportunities as porters as are other inmates in violation of
4 the Equal Protection Clause. These allegations states a colorable claim for relief against
5 defendants Khoury, see Third Amended Complaint, ¶ 12, Mitchell, see id., Schwartz, see id.,
6 Grannis, see id., ¶ 17, Pearson, see id., Tilton, see id., and Kernan, see id.

7    Plaintiff alleges that defendant Mendoza failed to respond to an administrative
8 appeal in violation of plaintiff's right to due process. Third Amended Complaint, ¶ 5. There is
9 no liberty interest in the processing of administrative appeals. Ramirez v. Galaza, 334 F.3d 850,
10 860 (9th Cir. 2003); see also Mann v. Adams, 855 F.2d 639 (9th Cir. 1988). Accordingly, the
11 court will separately recommend that this claim be dismissed.

12    Plaintiff alleges that on May 25, 2005, defendant Murray retaliated against him for
13 requesting a single cell by moving him to a different housing unit. Third Amended Complaint, ¶
14 6.

15    "Within the prison context, a viable claim of First Amendment retaliation entails
16 five basic elements: 1) an assertion that a state actor took some adverse action against an inmate
17 2) because of 3) that prisoner's protected conduct, and that such action 4) chilled the inmate's
18 exercise of his First Amendment rights, and 5) the action did not reasonably advance a legitimate
19 correctional goal." Rhodes v. Robinson, 408 F.3d 559, 566-68 (9th Cir. 2005).

20    In Rhodes, the Ninth Circuit also indicated that an allegation of harm could be
21 sufficient if the inmate could not allege a chilling effect:

> If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect. Alleging harm and alleging the chilling effect would seem under the circumstances to be no more than a nicety. See, e.g., Pratt, 65 F.2d at 807 (deciding that alleged harm was enough to ground a First Amendment retaliation claim without independently discussing whether the harm had a chilling effect); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989(same).

26 Rhodes, 408 F.3d at 568, no. 11.

Plaintiff alleges, without any supporting allegations, that defendant Murray was motivated by retaliation. Because this claim is conclusory and factually unsupported, the court will separately recommend that it be dismissed.

Plaintiff alleges that he filed an administrative appeal regarding defendant Murray's conduct, which defendant Cry screened so as to "procedurally bar" plaintiff from pursuing the appeal. Third Amended Complaint, ¶ 7. As stated above, there is no liberty interest in the processing of administrative appeals. See Ramirez v. Galaza, supra; Mann v. Adams, supra. Accordingly, the court will separately recommend that this claim be dismissed.

Plaintiff alleges that defendant Baker will not release inmates in plaintiff's unit from their cells after the count clears from 4:30 to 5:00 p.m. until dinner. Third Amended Complaint, ¶ 16. Plaintiff alleges that after the count is cleared, defendant Baker watches television or talks on the phone rather than doing her job. Id. Defendant Cullen did not respond to plaintiff's administrative appeal regarding defendant Baker's conduct. Id.

That defendant Baker would not release inmates from their cells until dinner time does not state a colorable constitutional claim. Accordingly, the court will separately recommend the dismissal of this claim. The claim that defendant Cullen did not respond to plaintiff's administrative grievance is also not colorable. See Mann v. Adams, supra; Ramirez v. Galaza, supra. Accordingly, the court will separately recommend dismissal of this claim.

Plaintiff alleges that on January 31, 2006, defendant Baker placed plaintiff in administrative segregation (ad seg) and falsely charged him with threatening her in retaliation for plaintiff's threat to file a lawsuit against her. Third Amended Complaint, ¶ 18. This states a colorable claim for retaliation against defendant Baker.

The bulk of plaintiff's remaining allegations concern his right to due process in connection with classification and disciplinary proceedings. Plaintiff has a liberty interest in state action which imposes some "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293

(1995).  If the hardship is sufficiently significant, the court must determine whether the procedures used to deprive that liberty satisfied Due Process.  Id. at 861, 115 S.Ct. 2293.

Three factors cited in Sandin's analysis provide a framework for determining whether a prison hardship is atypical and significant: 1) whether the challenged conditions mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; 2) the duration of the condition and the degree of the restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.  Id. at 486-87, 115 S.Ct. at 2293.

Plaintiff alleges that on February 8, 2006, he appeared before the classification committee which defendant Arnold chaired.  Third Amended Complaint, ¶ 21.  Plaintiff alleges that defendant Arnold violated his right to due process by deciding to retain him in ad seg even though there were no witnesses to the alleged threats he made against defendant Baker.  Id. Plaintiff alleges that he later received a report from the classification committee hearing prepared by defendant Mitchell which falsely stated that plaintiff had not requested witnesses.  Third Amended Complaint, ¶ 22.

On February 26, 2006, plaintiff received the investigation report prepared by defendant Allen regarding the incident with defendant Baker.  Third Amended Complaint, ¶ 23.  The report contained false statements.  Id.

On March 3, 2006, plaintiff alleges that defendant Foster told him that at the disciplinary hearing, he could ask his inmate witnesses only one question each, in violation of his right to due process.  Third Amended Complaint, ¶ 25.  On March 5, 2006, defendant Foster found plaintiff guilty of making threats against defendant Baker in violation of plaintiff's right to due process.  Third Amended Complaint, ¶ 26.  On May 12, 2006, the rules violation was ordered reheard.  Third Amended Complaint, ¶ 31.  On July 20, 2006, defendant Arnold told plaintiff that the rules violation had been dismissed.  Third Amended Complaint, ¶ 37.

\\\\\

On July 21, 2006, plaintiff received a lock up order. Third Amended Complaint, ¶ 38. On July 25, 2006, defendant St. Germaine violated plaintiff's right to due process by preparing a report falsely stating that plaintiff had declined an investigative employee to look into the reasons why he was ordered locked up. Third Amended Complaint, ¶ 39. On July 26, 2006, plaintiff appeared before the institutional classification committee for review of the lock up order. Third Amended Complaint, ¶ 40. Defendant Cullen stated that although the rules violation charges had been dismissed, defendant Baker still felt threatened. Id. For this reason, defendant Cullen decided to retain plaintiff in ad seg. Id. Plaintiff alleges that defendant Cullen was motivated by retaliation. Id. On August 2, 2006, plaintiff was released to the EOP program. Third Amended Complaint, ¶ 41.

Because the disciplinary charges were ultimately dismissed, plaintiff has not demonstrated that he suffered an atypical and significant hardship in connection with the alleged violations of due process regarding these proceedings. Accordingly, the court will recommend dismissal of these claims.

Plaintiff argues that as a result of due process violations during classification committee proceedings, he was wrongly held in ad seg. In order to succeed on this claim, plaintiff must demonstrate that the conditions of ad seg constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. The third amended complaint contains no allegations suggesting that the conditions of ad seg constituted an atypical and significant hardship. Accordingly, the court will recommend dismissal of these claims.

Plaintiff alleges that defendant Cullen was motivated by retaliation when he ordered plaintiff held in ad seg even after the disciplinary charges had been dismissed. However, other than this conclusory allegation, the third amended complaint contains no specific allegations demonstrating that defendant Cullen was motivated by retaliation. Plaintiff also does not allege what conduct he had engaged in that motivated defendant Cullen to retaliate against him. Accordingly, this claim should be dismissed.

1    Plaintiff alleges that on March 15, 2006, defendant Cry "screened out" plaintiff's
2 citizen's complaint against defendant Baker in violation of plaintiff's right to due process.  Third
3 Amended Complaint, ¶ 28.  These allegations do not state a colorable claim for relief.  See <u>Mann</u>
4 <u>v. Adams</u>, supra; <u>Ramirez v. Galaza</u>, supra.
5    Plaintiff alleges that defendant Twyman is the second level manager of defendant
6 Baker and other Correctional Officers who violated plaintiff's rights.  Third Amended
7 Complaint, ¶ 43.  Plaintiff alleges that defendant Providence is also a second level manager who
8 turned a blind eye to defendant Baker's conduct.  <u>Id.</u>
9    The Civil Rights Act under which this action was filed provides as follows:

10    Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
11   deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
12   law, suit in equity, or other proper proceeding for redress.

13 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
14 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
15 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362
16 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
17 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
18 omits to perform an act which he is legally required to do that causes the deprivation of which
19 complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
20    Moreover, supervisory personnel are generally not liable under § 1983 for the
21 actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named
22 defendant holds a supervisorial position, the causal link between him and the claimed
23 constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862
24 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S.
25 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
26 in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

6

Cir. 1982).

Plaintiff is basing defendant Twyman's liability on a theory of respondeat superior. Accordingly, the claims against defendant Twyman should be dismissed. Plaintiff also includes no specific allegations in support of his claim that defendant Providence turned a blind eye to defendant Baker's conduct. Accordingly, the claims against defendant Providence should be dismissed because plaintiff has not sufficiently linked him to the alleged deprivations.

The third amended complaint contains no specific allegations against defendant Piazza. Accordingly, the court will recommend that the claims against defendant Piazza be dismissed for plaintiff's failure to link him to any specific deprivation.

The only specific allegations against defendant Hubbard are that plaintiff wrote letters to this defendant in February 2007 and August 2006 regarding alleged retaliation. Third Amended Complaint, ¶¶ 7, 42. These allegations, standing alone, do not state colorable claims.

The third amended complaint contains no allegations suggesting any Eighth Amendment violations. Accordingly, the court will recommend that plaintiff's Eighth Amendment violations be dismissed.

In conclusion, the court orders service of defendants Khoury, Mitchell, Schwartz, Grannis, Pearson, Tilton and Kernan as to plaintiff's Equal Protection claim. The court also orders service of defendant Baker as to plaintiff's retaliation claim. The court will separately recommend dismissal of the remaining claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Khoury, Mitchell, Schwartz, Grannis, Pearson, Tilton, Kernan and Baker.

2. The Clerk of the Court shall send plaintiff 8 USM-285 forms, one summons, an instruction sheet and a copy of the third amended complaint filed July 12, 2007.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for each defendant listed in number 3 above; and

        d. Nine copies of the endorsed third amended complaint filed July 12, 2007.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED:  8/8/07

        /s/ Gregory G. Hollows

        UNITED STATES MAGISTRATE JUDGE

will537.ame(3)

```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

          Plaintiff,                     No. CIV S-06-0537 FCD GGH P

     vs.

CORRECTIONAL OFFICER BAKER, et al.,
                                         NOTICE OF SUBMISSION
_____ Defendants.                    OF DOCUMENTS
_____/
          Plaintiff hereby submits the following documents in compliance with the court's
order filed _____:
               ____      completed summons form
               ____      completed USM-285 forms
               ____      copies of the _____
                                       Complaint/Amended Complaint
DATED:


                                         _____
                                         Plaintiff
```