IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

    Plaintiff,                        No. CIV S-06-0537 FCD GGH P

    vs.

CORRECTIONAL OFFICER BAKER, et al.,

    Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' December 6, 2007, motion to dismiss pursuant to 28 U.S.C. § 1915(g). For the following reasons, the court recommends that defendants' motion be denied.

        28 U.S.C. § 1915(g) provides,

> In no event shall a prisoner bring a civil action or appeal in a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

        Defendants argue that plaintiff has had four actions dismissed or otherwise rejected as frivolous, malicious or for failing to state a claim: 1) Wilson v. Yarbrough, 02-8139

1

UA RNB (C.D. Cal.); 2) Wilson v. Yarbrough, 02-8923 UA RNB (C.D. Cal.); 3) Wilson v. Schwartz, 05-1649 GEB CMK (E.D. Cal.); and 4) Wilson v. Veal, 06-0067 FCD KJM (E.D. Cal.).

Wilson v. Schwartz, 05-1649 was dismissed for failure to state a claim on October 31, 2006.[1] Wilson v. Veal, 06-0067 was dismissed as legally frivolous on June 4, 2007.  Plaintiff filed the instant action on March 14, 2006.  Because Wilson v. Schwartz and Wilson v. Veal were dismissed as frivolous after this action was brought, they do not qualify as a strikes.[2] Accordingly, because defendants have only demonstrated that plaintiff had two prior strikes, the motion to dismiss should be denied.

Because the court recommends the motion be denied on grounds that two of the four cases cited by defendants do not qualify as strikes, it need not address whether the other two actions qualify as strikes.  Nor will the court address defendants' argument that the proper remedy after finding three strikes pursuant to § 1915(g) is to dismiss the action rather than deny the application to proceed in forma pauperis.  Finally, the court also need not address defendants' argument that plaintiff's opposition is untimely.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' December 6, 2007, motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] Section 1915(g) provides that actions must be dismissed prior to the time the at-issue action is brought to qualify as strikes.  See Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997)(italics in original)("This language makes clear its application to claims dismissed *prior* to the current proceedings.").

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   02/28/08                                        /s/ Gregory G. Hollows

                                                                        UNITED STATES MAGISTRATE JUDGE

wil537.mtd