1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DAVID W. WILSON,

11              Plaintiff,                    No. CIV S-06-0537 FCD GGH P

12        vs.

13  C/O BAKER, et al.,

14              Defendants.              <u>ORDER</u>

15  _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17  42 U.S.C. § 1983.  Pending before the court is plaintiff's May 30, 2008, motion for a temporary

18  restraining order in which plaintiff alleges inadequate law library access.

19              The court construes plaintiff's motion for injunctive relief as a motion for a

20  protective order.  Clearly, none of the requests addressed in plaintiff's motion seek dispositive

21  relief on the  merits of the complaint.  The motions are addressed to procedures that the parties

22  must utilize in litigating this case.  <u>See</u> <u>United States v. Flaherty</u>, 666 F.2d 566, 586 (1st Cir.

23  1981): "A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter

24  unconnected to issues litigated at trial and not defined with respect to the time of trial."  Neither

25  do the rulings herein involve injunctive relief.

26  \\\\\

As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), parties are told to do something or not do something.  For example, in typical discovery motions, parties are compelled to answer interrogatories, answer a question or produce a document despite a claim of privilege, attend a deposition at a certain tine or place, be compelled to undergo a medical examination,  pay costs associated with discovery in a cost-shifting sense.  No one would think of asserting that such non-dispositive orders are invalid because they command or disallow a certain activity.  Therefore, the fact that parties are directed in their activities by a magistrate judge, cannot, without more, transform the matter at hand into an "injunctive" relief situation governed by § 636(b)(1)(B).  See e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period for non-compliance with discovery orders); Rockwell Int. Inc. V. Pos-A-Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988) superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v. United  States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a party from releasing discovery information to the public; specifically held not to be an injunction beyond the authority of a magistrate judge);  Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh. 1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate judge.).  It is only where the relief sought goes to the merits of plaintiff's actions or to complete stays of an action are orders under § 636(b)(1)((A) precluded.  See e.g. Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which restrain or direct the conduct of the parties are not to be characterized as an appealable injunction beyond the authority of the magistrate judge unless the restraint goes to the merits of the action). In other words, a motion for injunctive relief must relate to the allegations in the complaint.  If there is no relation, it is not an injunctive relief situation.  A party seeking preliminary injunctive

2

1  relief "must necessarily establish a relationship between the injury claimed in the party's motion

2  and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th

3  Cir.1994).   In other words, plaintiff must seek injunctive relief related to the merits of his

4  underlying claim.

5          Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also

6  indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which

7  allows the hearing on preliminary injunction to be accelerated into a trial on the merits,

8  preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing

9  on preliminary injunction admissible at trial.   None of the provisions would make sense if

10  disputes outside the complaint, and on which no trial by definition will be had, could be

11  considered as proceedings for injunctions.   In addition, the standards for granting injunctions are

12  much different than the standards applicable to protective orders.   Applying established

13  standards on the need to grant an injunction only in extraordinary circumstances, absence of legal

14  remedy, balance of hardships, irreparable harm, and so forth are foreign to resolution of

15  discovery and other procedural disputes which crop up in the course of a litigation.

16          For the reasons discussed above, this matter may be handled by court order.

17          Plaintiff alleges that when he was on the mainline, he was allowed access to the

18  law library 3 days as week for 1 ½ hours each time.   Plaintiff complains that now that he is in

19  administrative segregation (ad seg), he receives law library access 2 times per week if the law

20  librarian shows up.   Plaintiff alleges that there is no regular law librarian.

21          Attached as an exhibit to plaintiff's motion is a first level response to a grievance

22  filed by plaintiff regarding law library access.   This response, dated April 11, 2008, states that the

23  results of the investigation revealed that plaintiff was not on the weekly list of inmates requesting

24  access to the law library cages.   See Plaintiff's Motion, court file p. 31.   The response goes on to

25  state that plaintiff was placed immediately at the top of the list and would receive law library

26  cage access at the earliest possible date.   Id.

1    Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey,

2  518 U.S. 343, 350, 116 S.Ct. 2174 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491

3  (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner

4  must prove that there was an inadequacy in the prison's legal access program that caused him an

5  actual injury.  Lewis, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that

6  the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

7  concerning his claim or conditions of confinement.  Id. at 354-55. The right of access to the court

8  is limited to the initiation of a court action.  The state is not required to enable the prisoner to

9  discover grievances or to litigate effectively once in court.  Id. at 354.

10    In the instant case, the defendants have answered the amended complaint.  For this

11  reason, plaintiff's claim of inadequate law library access is not covered within the scope of an

12  access to the courts claim.  Moreover, the response to plaintiff's administrative grievance

13  suggests that prison officials responded to his request for law library access.  For these reasons,

14  the motion is denied.

15    Plaintiff also alleges that he is being denied access to his legal property.  On June

16  2, 2008, plaintiff filed a motion for sanctions against defendants also claiming that he is being

17  denied access to his legal property.  However, the court takes judicial notice of a 36 page

18  opposition to a motion to dismiss filed by plaintiff on July 9, 2008, in CIV S-07-1558 WBS

19  GGH P.[1]  A review of this pleading suggests that plaintiff now has access to his legal property.

20    In the motion for protective order, plaintiff also complains about the conditions in

21  administrative segregation.  Plaintiff alleges that he does not have access to hygienic items

22  including a hair comb, a mirror for shaving, wash towel, toothpaste, etc.  Plaintiff's access to

23  these items does not directly impact his ability to litigate the instant action.  Nor do the merits of

24

25    [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80
   F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126
26  (1981).

this action concern the conditions of administrative segregation at California State Prison-Lancaster, where plaintiff is currently housed.  Accordingly, plaintiff's request for access to these items is denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's May 30, 2008, motion for a temporary restraining order (#59), construed as a motion for protective order, is denied;

2.  Plaintiff's June 2, 2008, motion for sanctions (# 60) is denied.

DATED:  07/21/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

wil537.po