IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

        Plaintiff,                      No. CIV S-06-0537 FCD GGH P

    vs.

C/O BAKER, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to compel filed January 28, 2009. Defendants argue that plaintiff failed to adequately respond to sixteen interrogatories. For the following reasons, the court orders the motion denied.

        This action is proceeding on the third amended complaint filed July 12, 2007, as to defendants Arnold, Mitchell, St. Germaine and Cullen regarding the claim that plaintiff's rights were violated in connection with the classification committee hearings that resulted in plaintiff's placement in administrative segregation (ad seg). This action is also proceeding against defendants Khoury, Mitchell, Schwartz, Grannis, Tilton and Kernan, on the claim that inmates in the Enhanced Outpatient Program (EOP) are not given the same access to employment opportunities as are other inmates in violation of the Equal Protection Clause. This action is also

1

1  proceeding on a retaliation claim against defendant Baker.

2  Defendants generally argue that plaintiff did not actually respond to the
3  interrogatories. For instance, in response to interrogatories 1-8 defendants requested that
4  plaintiff provide facts in support of his allegations that specific defendants violated his
5  constitutional rights. In response, defendants contend, plaintiff referred to what appeared to be
6  duty statements and stated defendants' obligations in very general terms.

7  Attached to the motion as exhibit B is a copy of plaintiff's response to the request
8  for interrogatories.[1] Interrogatory no. 1 asks plaintiff to state with particularity all facts that
9  support his allegation that defendant Tilton violated his constitutional rights as alleged in the
10 complaint. Interrogatories nos. 2-8 seek the same information regarding the other defendants.

11 In response to interrogatories no. 1-3 and 5-6 plaintiff stated that he "responds to
12 fact in support by attached copy of current duty statement." The court agrees that with
13 defendants that the duty statements do not address plaintiff's claims against these particular
14 defendants.

15 Plaintiff did not respond to interrogatories nos. 4, 7 and 8 by referring to duty
16 statements. The response to no. 4 referred to the attached copy of the Specification, California
17 State Personnel Board. Interrogatory no. 7 referred to the attached copy of the current
18 specifications, state personnel board, correctional officer. These documents do not address
19 plaintiff's claims against these defendants. Interrogatory 8 did not refer to any attached
20 documents.

21 In further response to interrogatory no. 1, while plaintiff generally described
22 defendant Tilton's duties, he also stated,
23 /////
24 /////

---

[1] Defendants state that exhibit A is a copy of the interrogatories served on plaintiff. Exhibit A is actually a copy of defendants' response to a discovery request from plaintiff.

2

> Represents the administration in a variety of areas involving major policy and program issues with the...and constituent groups, which 602 Appeal CMF 05-M-1437, Enhanced Outpatients (EOP) orientation pamphlets describing "program" and job porter work as "program"...and job rotation for equal access, posted. 14th Amendment, nor deny to any person within its jurisdiction the equal protection of the laws[.] Defendant Tilton's constituent groups include 3rd and 2nd Level appeal reviews for CMF -5-M-1437 and as Exhibit D provides, otherwise.

This response suggests that plaintiff is challenging defendant Tilton's involvement with the at-issue EOP policy as well as his involvement in the denial of plaintiff's related grievances. This response is more specific than a general duty description. Defendants do not discuss how this response is inadequate. Accordingly, the motion to compel as to interrogatory no. 1 is denied.[2]

In further response to interrogatories nos. 2-8, while plaintiff generally described defendants' duties, he also cited their involvement in appeal CMF 05-M-1437. This response is more specific than a general duty description. Defendants do not discuss how this response is inadequate. Accordingly, the motion to compel as to interrogatories no. 2-8 is denied.

Defendants argue that plaintiff's response to interrogatory no. 9 is inadequate. No. 9 asked plaintiff to describe his damages (whether physical, emotional, mental or psychological) that he claimed to have suffered. Plaintiff responded,

> Plaintiff Wilson responds, "physical head dizziness from being placed in segregation cell without windows opening & closing as other cells during hot days causing more severe heat related tolerance, ongoing." "Physical denial of medical appliances that worsen back pain diagnosed, and worsen eye sight." "Emotional distress from physical pain and suffering of over six months segregation from fabricated placement when seeking to help others." Mental anguish from denial of due process for seeking help to others and six months segregation from fabricated placement while going through physical pain and suffering.

In the motion to compel, defendants object that this response fails to describe a physical injury or allege any facts indicating that any defendant inflicted a physical injury.

---

[2] The court acknowledges that plaintiff's response to interrogatory no. 1 is not a model of clarity. However, plaintiff is a pro se prisoner with mental health issues. A deposition may be a more fruitful venue for defendants to obtain additional information from plaintiff regarding his claims against them.

Defendants also object that plaintiff failed to identify the medical appliance he was denied or what injury he suffered as a result of the denial.

The court finds that plaintiff adequately answered interrogatory no. 9. Dizziness, back pain and worsening eyesight constitute physical illness/injury. Plaintiff stated that the denial of the appliance caused him to suffer back pain. The interrogatory did not clearly ask plaintiff to describe appliances he was deprived access to.

Defendants' objection that plaintiff failed to allege any facts linking a defendant to the appliance or supposed denial is without merit. Again, the interrogatory did not call for such a response.

Defendants also object to plaintiff's responses to interrogatories nos. 10 and 12. Defendants argue, "Defendant also requested specific information regarding witnesses and treating physicians, in interrogatory numbers ten and twelve." Defendants do not discuss in any more detail how plaintiff's responses to these interrogatories were inadequate.

Interrogatory no. 10 asked plaintiff to identify each and every person who witnessed the constitutional violations he alleged. In response, plaintiff identified 78 inmates and their CDC numbers. Because defendants do not specifically state how this response is inadequate, the motion to compel as to interrogatory no. 10 is denied.

Interrogatory no. 12 asked plaintiff to identify each medical doctor, psychiatrist, psychologist, psychiatric technician, medical technical assistant, or other health care practitioner who provided him with diagnosis, medical care, mental health care, medical care, or treatment during the relevant time period. Plaintiff responded by listing 7 medical doctors, 5 psychiatrists, 8 psychologists, 4 psychiatric technicians, 4 social workers and one nurse practitioner. Because defendants do not specifically state how this response is inadequate, the motion to compel as to interrogatory no. 12 is denied.

\\\\\

\\\\\

Defendants do not identify any other interrogatory responses with which they take issue.[3]

For the reasons discussed above, IT IS HEREBY ORDERED that defendants' motion to compel (no. 67) is denied.

DATED: March 10, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The March 24, 2008, discovery order provides that Local Rule 37-251, requiring the parties to meet and confer before the filing of a motion to compel, does not apply.

5