IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

      Plaintiff,                        No. CIV S-06-0537 FCD GGH P

      vs.

C/O BAKER, et al.,                  <u>ORDER AND</u>

      Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Pending before the court is defendants' July 9, 2009, motion to dismiss, defendants' July 10, 2009, motion to modify the scheduling order, plaintiff's July 15, 2009, motion to compel, and plaintiff's July 20, 2009, motion for an extension of time to respond to the motion to dismiss.

        Although plaintiff has not filed an opposition to defendants' motion to dismiss, for the following reasons the court recommends that it be denied. Pursuant to Fed. R. Civ. P. 20(a) and 21, defendants argue that the court should dismiss without prejudice all of the defendants but for defendant Baker. Defendants argue that plaintiff's claims against the other defendants do not involve common questions of law or fact with the retaliation claims against defendant Baker. In the alternative, defendant argue that if the court finds a common question of fact or law, pursuant to Fed. R. Civ. P. 20(b) and 42(b), it should sever the unrelated claims and

1

1 schedule separate trials.

2       Defendants originally appeared in this action on December 6, 2007, when they
3 filed a motion to dismiss pursuant to 28 U.S.C. § 1915(g).  On February 28, 2008, the court
4 recommended that the motion be denied.  On March 10, 2008, defendants filed an answer.  On
5 August 6, 2008, the court issued a scheduling order setting February 1, 2009, as the discovery
6 cut-off date and July 11, 2009, as the pretrial motion cut-off date.

7       While there are efficiencies to be gained by valid dispositive motions, by waiting
8 until the motion cut-off date to raise the procedural issue of improper joinder, defendants did not
9 abide by their responsibility to help move this case forward.  Clearly, defendants should have
10 been aware of this issue at the time they first reviewed the operative complaint.  At this point in
11 time, it makes more sense for defendants to file a summary judgment addressing all of plaintiff's
12 outstanding claims.  Following resolution of that motion, if it appears that certain claims should
13 be separately tried, the court will consider a motion for separate trials pursuant to Rule 42(b).
14 For these reasons, the court recommends that defendants' motion to dismiss be denied.

15       In the motion to modify the scheduling order, defendants request that they be
16 allowed to file a summary judgment motion following resolution of the motion to dismiss.  Good
17 cause appearing, this motion is granted and defendants may file a summary judgment motion
18 within thirty days of the date of this order.

19       In his motion to compel, plaintiff seeks a complete copy of his deposition
20 transcript.  Plaintiff argues that defendants attached only excerpts from his deposition to the
21 motion.  Because the court recommends that the motion to dismiss be denied, plaintiff's motion
22 to compel is moot.  Plaintiff's motion for an extension of time to file an opposition to
23 defendants' motion is denied as moot as well.

24       Accordingly, IT IS HEREBY ORDERED that:

25       1. Defendants' July 10, 2009, motion to modify the scheduling order (no. 73) is
26 granted; defendants may file a summary judgment motion within thirty days of the date of this

order;

2. Plaintiff's motion to compel (no. 74) and motion for an extension of time (no. 75) are denied; and

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (no. 72) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

wil537.57